ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 28 2019

JAMES N. HATTEN, Clerk
By: CAM Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

EDWARD BOLDEN, JR.,
ROLAND C. NEWELL,
ROBERT A. WOODS,
CHRISTIAN R. JAMES,
MARCHEL D. ROBINSON, AND
ERIC GAMBOA

Criminal Indictment

No. **1:19 CR 334**

(UNDER SEAL)

THE GRAND JURY CHARGES THAT:

**Count One**
**(Conspiracy)**

1. Beginning on a date unknown to the Grand Jury, but from at least in or about November 2018, and continuing through in or about May 2019, in the Northern District of Georgia, the defendants, EDWARD BOLDEN, JR., ROLAND C. NEWELL, ROBERT A. WOODS, MARCHEL D. ROBINSON, and ERIC GAMBOA, together and with others unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to knowingly and with intent to defraud traffic in and use unauthorized access devices during any one-year period, and by such conduct obtain things of value aggregating at least $1,000 during that period, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## Background

2. At all times relevant to this Indictment, defendants BOLDEN, NEWELL, and WOODS worked at a Verizon store in Newnan, Georgia, within the Northern District of Georgia. Defendant BOLDEN was employed as a General Manager of the store. Defendants NEWELL and WOODS were employed as Solutions Specialists.

3. In their positions, the defendants were responsible for opening Verizon accounts for customers who purchased phones and other accessories at the store. Customers used the accounts to purchase goods and services on credit.

## Manner and Means

4. As part of the conspiracy, the defendants opened Verizon accounts using other individuals' personally identifiable information and then fraudulently charged thousands of dollars in goods and services to those accounts.

5. The defendants, and others unknown to the Grand Jury, acquired the personally identifiable information of numerous victims, including the victims' names, addresses, dates of birth, and Social Security numbers.

6. Defendants ROBINSON and GAMBOA, and others unknown to the Grand Jury, entered the Verizon store in Newnan, Georgia, and, conspiring with defendants BOLDEN, NEWELL, and WOODS, used the victims' stolen personal information to open Verizon accounts in the victims' names.

7. Using the victims' personal information and abusing their positions as Verizon employees, defendants BOLDEN, NEWELL, and WOODS created fraudulent Verizon customer accounts in victims' names. They used the victims'

personal information to run credit checks as part of opening the fraudulent accounts.

8. As General Manager, Defendant BOLDEN also instructed defendant NEWELL to open fraudulent accounts using victims' personal information. Defendant BOLDEN instructed defendant WOODS to add accessories to fraudulent accounts.

9. The defendants, and others unknown to the Grand Jury, used the fraudulent Verizon accounts to purchase thousands of dollars' worth of wireless phones and accessories on credit. Verizon lost tens of thousands of dollars when the accounts later went into default.

## Overt Acts

10. In furtherance of the conspiracy, and to effect the objects and purposes thereof, the defendants committed the following overt acts, among others, within the Northern District of Georgia:

    a. On or about December 28, 2018, defendants NEWELL, ROBINSON, and GAMBOA used M.A.'s personally identifiable information to open a fraudulent Verizon account.

    b. On or about February 5, 2019, defendants BOLDEN and NEWELL used E.B.'s personally identifiable information to open a fraudulent Verizon account.

    c. On or about February 8, 2019, defendants BOLDEN and NEWELL used J.W.'s personally identifiable information to open a fraudulent Verizon account.

  d. On or about February 8, 2019, defendants BOLDEN and NEWELL used C.L.'s personally identifiable information to open a fraudulent Verizon account.

  e. On or about February 12, 2019, defendants NEWELL and ROBINSON used M.F.'s personally identifiable information to open a fraudulent Verizon account.

  f. On or about February 22, 2019, defendants WOODS and ROBINSON used A.A.'s personally identifiable information to open a fraudulent Verizon account.

  g. On or about February 25, 2019, defendants WOODS and ROBINSON used H.P.'s personally identifiable information to open a fraudulent Verizon account.

All in violation of Title 18, United States Code, Section 1029(b)(2).

### Counts Two through Eight
### (Access Device Fraud)

11. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 9 of this Indictment as if fully set forth herein.

12. On or about the dates identified below, in the Northern District of Georgia, the defendants identified below, aided and abetted by others unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, the Verizon account listed below, purportedly issued to the individual listed below, and by such conduct did obtain things of value aggregating at least $1,000 for each such account during a

4

one-year period, affecting interstate commerce thereby:

| COUNT | DATE | DEFENDANT(S) | VERIZON ACCOUNT NO. | INDIVIDUAL |
|---|---|---|---|---|
| 2 | 12/28/2018 | NEWELL; ROBINSON; GAMBOA | *****6952 | M.A. |
| 3 | 2/5/2019 | BOLDEN; NEWELL | *****6794 | E.B. |
| 4 | 2/8/2019 | BOLDEN; NEWELL | *****8439 | J.W. |
| 5 | 2/8/2019 | BOLDEN; NEWELL | *****7908 | C.L. |
| 6 | 2/12/2019 | NEWELL; ROBINSON | *****9654 | M.F. |
| 7 | 2/22/2019 to 3/8/2019 | WOODS; ROBINSON | *****5015 | A.A. |
| 8 | 2/25/2019 | WOODS; ROBINSON | *****9788 | H.P. |

All in violation of Title 18, United States Code, Section 1029(a)(2) and Section 2.

### Counts Nine through Fifteen
### (Aggravated Identity Theft)

13. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 9 of this Indictment as if fully set forth herein.

14. On or about the dates identified below, in the Northern District of Georgia, the defendants identified below, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being identified below, during and in relation to committing the felony violation identified below:

5

| COUNT | DATE | DEFENDANT(S) | PERSON | FELONY VIOLATION |
|---|---|---|---|---|
| 9 | 12/28/2018 | NEWELL; ROBINSON; GAMBOA | M.A. | Access Device Fraud as alleged in Count 2 of this Indictment |
| 10 | 2/5/2019 | BOLDEN; NEWELL | E.B. | Access Device Fraud as alleged in Count 3 of this Indictment |
| 11 | 2/8/2019 | BOLDEN; NEWELL | J.W. | Access Device Fraud as alleged in Count 4 of this Indictment |
| 12 | 2/8/2019 | BOLDEN; NEWELL | C.L. | Access Device Fraud as alleged in Count 5 of this Indictment |
| 13 | 2/12/2019 | NEWELL; ROBINSON | M.F. | Access Device Fraud as alleged in Count 6 of this Indictment |
| 14 | 2/22/2019 to 3/8/2019 | WOODS; ROBINSON | A.A. | Access Device Fraud as alleged in Count 7 of this Indictment |
| 15 | 2/25/2019 | WOODS; ROBINSON | H.P. | Access Device Fraud as alleged in Count 8 of this Indictment |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

**Count Sixteen**
**(Conspiracy)**

15. Beginning on a date unknown to the Grand Jury, but from at least in or about November 2018, and continuing through in or about April 2019, in the Northern District of Georgia, the defendants, CHRISTIAN R. JAMES and MARCHEL D. ROBINSON, together and with others unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and

have a tacit understanding with each other to knowingly and with intent to defraud traffic in and use unauthorized access devices during any one-year period, and by such conduct obtain things of value aggregating at least $1,000 during that period, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## Background

16. At all times relevant to this Indictment, defendant JAMES worked at a Verizon store in Atlanta, Georgia, within the Northern District of Georgia. Defendant JAMES was employed as a Solutions Specialists.

17. In his position, defendant JAMES was responsible for opening Verizon accounts for customers who purchased phones and other accessories at the store. Customers used the accounts to purchase goods and services on credit.

## Manner and Means

18. As part of the conspiracy, the defendants opened Verizon accounts using other individuals' personally identifiable information and then charged thousands of dollars in goods and services to those accounts.

19. The defendants, and others unknown to the Grand Jury, acquired the personally identifiable information of numerous victims, including the victims' names, addresses, dates of birth, and Social Security numbers.

20. Defendant ROBINSON, and others unknown to the Grand Jury, entered the Verizon store in Atlanta, Georgia, and, conspiring with defendant JAMES, used the victims' stolen personal information to open Verizon accounts in the victims' names.

7

21. Using the victims' personal information and abusing his position as a Verizon employee, defendant JAMES created fraudulent Verizon customer accounts in victims' names. He used the victims' personal information to run credit checks as part of opening the fraudulent accounts.

22. The defendants, and others unknown to the Grand Jury, used the fraudulent Verizon accounts to purchase thousands of dollars' worth of wireless phones and accessories on credit. Verizon lost tens of thousands of dollars when the accounts later went into default.

## Overt Acts

23. In furtherance of the conspiracy, and to effect the objects and purposes thereof, the defendants committed the following overt acts, among others, within the Northern District of Georgia:

   a. On or about February 14, 2019, defendants JAMES and ROBINSON used S.S.'s personally identifiable information to open a fraudulent Verizon account.

   b. On or about February 17, 2019, defendants JAMES and ROBINSON used A.Y.'s personally identifiable information to open a fraudulent Verizon account.

   c. On or about February 28, 2019, defendants JAMES and ROBINSON used B.H.'s personally identifiable information to open a fraudulent Verizon account.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## Counts Seventeen through Twenty-Six
### (Access Device Fraud)

24. The Grand Jury re-alleges and incorporates by reference paragraphs 16 through 22 of this Indictment as if fully set forth herein.

25. On or about the dates identified below, in the Northern District of Georgia, the defendants identified below, aided and abetted by others unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, the Verizon account listed below, purportedly issued to the individual listed below, and by such conduct did obtain things of value aggregating at least $1,000 for each such account during a one-year period, affecting interstate commerce thereby:

| COUNT | DATE | DEFENDANT(S) | VERIZON ACCOUNT NO. | INDIVIDUAL |
|---|---|---|---|---|
| 17 | 11/30/2018 | JAMES | *****9571 | N.N. |
| 18 | 12/23/2018 | JAMES | *****4305 | J.S. |
| 19 | 1/1/2019 to 1/6/2019 | JAMES | *****8734 | J.F. |
| 20 | 1/6/2019 | JAMES | *****1818 | J.S. |
| 21 | 1/25/2019 | JAMES | *****1776 | A.R. |
| 22 | 2/6/2019 | JAMES | *****7313 | S.C. |
| 23 | 2/14/2019 | JAMES; ROBINSON | *****1406 | S.S. |
| 24 | 2/17/2019 | JAMES; ROBINSON | *****3200 | A.Y. |
| 25 | 2/17/2019 | JAMES | *****2860 | K.D. |
| 26 | 2/28/2019 | JAMES; ROBINSON | *****8440 | B.H. |

All in violation of Title 18, United States Code, Section 1029(a)(2) and Section 2.

## Counts Twenty-Seven through Thirty-Six
## (Aggravated Identity Theft)

26. The Grand Jury re-alleges and incorporates by reference paragraphs 16 through 22 of this Indictment as if fully set forth herein.

27. On or about the dates identified below, in the Northern District of Georgia, the defendants identified below, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being identified below, during and in relation to committing the felony violation identified below:

| COUNT | DATE | DEFENDANT(S) | PERSON | FELONY VIOLATION |
|---|---|---|---|---|
| 27 | 11/30/2018 | JAMES | N.N. | Access Device Fraud as alleged in Count 17 of this Indictment |
| 28 | 12/23/2018 | JAMES | J.S. | Access Device Fraud as alleged in Count 18 of this Indictment |
| 29 | 1/1/2019 to 1/6/2019 | JAMES | J.F. | Access Device Fraud as alleged in Count 19 of this Indictment |
| 30 | 1/6/2019 | JAMES | J.S. | Access Device Fraud as alleged in Count 20 of this Indictment |
| 31 | 1/25/2019 | JAMES | A.R. | Access Device Fraud as alleged in Count 21 of this Indictment |
| 32 | 2/6/2019 | JAMES | S.C. | Access Device Fraud as alleged in Count 22 of this Indictment |
| 33 | 2/14/2019 | JAMES; ROBINSON | S.S. | Access Device Fraud as alleged in Count 23 of this Indictment |

| COUNT | DATE | DEFENDANT(S) | PERSON | FELONY VIOLATION |
|---|---|---|---|---|
| 34 | 2/17/2019 | JAMES; ROBINSON | A.Y. | Access Device Fraud as alleged in Count 24 of this Indictment |
| 35 | 2/17/2019 | JAMES | K.D. | Access Device Fraud as alleged in Count 25 of this Indictment |
| 36 | 2/28/2019 | JAMES; ROBINSON | B.H. | Access Device Fraud as alleged in Count 26 of this Indictment |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

### Forfeiture Provision

28. Upon conviction of one or more of the offenses alleged in Counts One through Eight and Sixteen through Twenty-Six, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), all property, real and personal, constituting and derived from proceeds traceable to each offense.

29. Additionally, upon conviction of one or more of the offenses alleged in Counts One through Eight and Sixteen through Twenty-Six, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 1029(c)(1)(C), all personal property used or intended to be used to commit each offense.

30. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Sections 982(b)(1) and 1029(c); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A    _TRUE_    BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

_____
STEPHEN H. MCCLAIN
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

12